# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| OSAMA ABU IRSHAID, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 1:17cv402 |
| UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, *et al.*, | ) |
| Defendants. | ) |

## ANSWER

Pursuant to Federal Rule of Civil Procedure 8, defendants, through their undersigned counsel, respectfully submit the instant answer to plaintiff's complaint in the above-captioned action.

## FIRST DEFENSE

Defendants reserve the right to raise any affirmative defense – including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c) – that may be supported by the record in the instant action.

## SECOND DEFENSE

Defendants answer the allegations contained within the complaint's numbered paragraphs as follows:

1.  The allegations contained within this paragraph constitute a characterization of plaintiff's instant action, to which no response is required.

2.  Defendants admit the allegations contained within the first sentence of this paragraph. Defendants admit the allegations contained within the second sentence of this paragraph only to the extent that plaintiff's application remained pending for nine years, during which time USCIS interviewed plaintiff three times, in 2008, 2010, and 2015. Defendants deny

the remaining allegations contained within the second sentence of this paragraph. The allegations contained within the third sentence of this paragraph constitute conclusions of law, to which no response is required.

3. The allegations contained within this paragraph constitute conclusions of law, to which no response is required.

4. The allegations contained within this paragraph constitute conclusions of law, to which no response is required.

5. The allegations contained within this paragraph constitute a characterization of plaintiff's legal position in this action, to which no response is required.

6. The allegations contained within this paragraph constitute conclusions of law, to which no response is required.

7. Defendants admit the allegations contained within this paragraph.

8. The allegations contained within this paragraph constitute conclusions of law, to which no response is required.

9. The allegations contained within this paragraph constitute conclusions of law, to which no response is required.

10. Defendants admit the allegations contained within the first sentence of this paragraph. The allegations contained within the second sentence of this paragraph constitute conclusions of law, to which no response is required. The allegations contained within the third sentence of this paragraph constitute a characterization of the instant action, to which no response is required.

11. Defendants admit the allegations contained within the first sentence of this paragraph. The allegations contained within the second sentence of this paragraph constitute a characterization of the instant action, to which no response is required.

12. Defendants deny the allegations contained within the first two sentences of this paragraph. The allegations contained within the second sentence of this paragraph constitute a characterization of the instant action, to which no response is required.

13. Defendants admit the allegations contained within the first sentence of this paragraph only to the extent that John Kelly is the Secretary of the United States Department of Homeland Security. The remaining allegations contained within the first sentence of this paragraph constitute a characterization of the instant action, to which no response is required. The allegations contained within the second sentence of this paragraph constitute a characterization of the instant action, to which no response is required.

14. The allegations contained within this paragraph constitute conclusions of law, to which no response is required.

15. The allegations contained within this paragraph constitute conclusions of law, to which no response is required.

16. The allegations contained with this paragraph constitute conclusions of law, to which no response is required.

17. The allegations contained with this paragraph constitute conclusions of law, to which no response is required.

18. Defendants admit the allegations contained within this paragraph.

19. Defendants admit the allegations contained within the first sentence of this paragraph. Defendants admit the allegations contained within the second sentence of this

paragraph only to the extent that plaintiff listed no employer on the Biographic Information form that was submitted in connection with his Form I-485. Defendants are without information to admit or deny the remaining allegations contained within the second sentence of this paragraph. Defendants admit the allegations contained within the third sentence of this paragraph.

20. Defendants are without information sufficient to admit or deny the allegations contained within this paragraph.

21. Defendants admit the allegations contained within the first sentence of this paragraph. Defendants are without information sufficient to admit or deny the allegations contained within the second and third sentences of this paragraph.

22. Defendants are without information sufficient to admit or deny the allegations contained within the first sentence of this paragraph. Defendants deny the allegations contained within the second sentence of this paragraph.[1] Defendants admit the allegations contained within the third sentence of this paragraph.

23. Defendants are without information sufficient to admit or deny the allegations contained within this paragraph.

24. Defendants admit the allegations contained within this paragraph only to the extent that plaintiff filed a N-400 application for naturalization, through counsel, with the USCIS Washington District Office on June 30, 2006. The remaining allegations contained within this paragraph constitute conclusions of law, to which no response is required.

25. Defendants admit the allegations contained within this paragraph only to the extent that on his naturalization application, plaintiff listed American Muslim Society, IAP, and

---

[1] Defendants deny the allegations contained within this footnote.

United Association for Studies and Research. Defendants deny the remaining allegations contained within this paragraph.

26. Defendants deny the allegations contained within this paragraph.

27. Defendants admit the allegations contained within this paragraph.

28. Defendants admit the allegations contained within the first sentence of this paragraph. Defendants deny the allegations contained within the second sentence of this paragraph.

29. Defendants deny the allegations contained within this paragraph.

30. Defendants admit the allegations contained within this paragraph only to the extent that on July 11, 2015, USCIS denied plaintiff's naturalization application on the grounds that he was not eligible for naturalization because he had not been lawfully admitted for permanent residence. The remaining allegations contained within this paragraph constitute conclusions of law, to which no response is required.

31. Defendants admit the allegations contained within this paragraph only to the extent that USCIS concluded that plaintiff's adjustment of status to lawful permanent resident was not in compliance with the federal immigration statutes. The remaining allegations contained within this paragraph constitute conclusions of law, to which no response is required.[2]

32. Defendants admit the allegations contained within this paragraph.

33. Defendants admit the allegations contained within this paragraph.

34. Defendants admit the allegations contained within this paragraph.

35. Defendants admit the allegations contained within this paragraph.

36. Defendants admit the allegations contained within this paragraph.

---

[2]The allegations contained within this paragraph constitute conclusions of law, to which no response is required.

37. Defendants admit the allegations contained within this paragraph.

38. Defendants admit the allegations contained within this paragraph only to the extent that on December 2, 2016, USCIS affirmed its prior naturalization decision. The remaining allegations contained within this paragraph constitute conclusions of law, to which no response is required.

39. Defendants re-assert and incorporate by reference each and every response to the allegations contained within paragraphs 1 through 38 as if fully set forth herein.

40. The allegations contained within this paragraph constitute conclusions of law, to which no response is required.

41. The allegations contained within this paragraph constitute conclusions of law, to which no response is required.

42. The allegations contained within this paragraph constitute conclusions of law, to which no response is required.

43. Defendants deny the allegations contained within this paragraph.

44. The allegations contained within this paragraph constitute conclusions of law, to which no response is required.

45. The allegations contained within this paragraph constitute conclusions of law, to which no response is required.

46. The allegations contained within this paragraph constitute a characterization of plaintiff's instant action, to which no response is required.

47. The allegations contained within this paragraph constitute conclusions of law, to which no response is required.

The remaining allegations constitute plaintiff's prayer for relief, to which no response is required. Any allegation not specifically admitted is hereby denied.

WHEREFORE, defendant, having fully answered the allegations of the complaint, requests that this Court dismiss plaintiff's complaint or enter judgment in its favor.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____/s/_____
DENNIS C. BARGHAAN, JR.
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3891
Fax: (703) 299-3983
Email: dennis.barghaan@usdoj.gov

DATE: June 26, 2017                ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") to the following:

Ashraf Nubani
AWN Point Law, PLLC
2677 Prosperity Avenue, Suite 320
Fairfax, Virginia 22031
Email: awn@awnpointlaw.com

Date: June 26, 2017            _____/s/_____
                                                DENNIS C. BARGHAAN, JR.
                                                Assistant U.S. Attorney
                                                2100 Jamieson Avenue
                                                Alexandria, Virginia 22314
                                                Telephone: (703) 299-3891
                                                Fax:        (703) 299-3983
                                                Email: dennis.barghaan@usdoj.gov

                                                ATTORNEYS FOR DEFENDANTS